UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID RICHARD ANDREW NELSON,<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | Case No. 1:26-cv-00234-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff David Nelson's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review Nelson's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Nelson's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court GRANTS Nelson's application to proceed in forma pauperis and will allow him to pay the filing fee over time. That said, after a review of the Complaint, the Court must DISMISS WITHOUT PREJUDICE. It will, however, allow Nelson an opportunity to remedy the shortcomings in his Complaint.

## II. BACKGROUND

Nelson is suing Union Pacific Railroad Company ("UPR") for alleged violations of

the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the retaliation provisions of both laws. *See generally,* Dkt. 2. Nelson alleges that, after raising safety concerns, UPR investigated and subsequently terminated him for discriminatory and retaliatory reasons. *Id*. at 6–7. Nelson seeks to proceed in forma pauperis, citing his poverty. Dkt. 1.

## III. LEGAL STANDARDS

### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not

just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

Nelson utilized the Administrative Office of the Court's generic in forma pauperis form. Dkt. 1. Nelson reported he lacks employment and consequently has no employment income but states he receives $3,870.58 per month in disability benefits. *Id.* at 2. Nelson claims he has $71,000 in a checking account. *Id*. at 3. He also owns a 1968 Volkswagen Bug he values at $10,000 and a 1997 Chevrolet Silverado he values at $4,000. Nelson

outlines his monthly living expenses are $9,687 ($2,300 for rent or home mortgage, $300 for utilities, $1,800 for food, $300 for clothing, $40 for laundry and dry-cleaning, $600 for transportation, $642 for vehicle insurance, $1,700 for a car payment, $380 in alimony, $400 for a loan payment, and $925 labeled as "Random/Misc. Expenses"), with an additional $100 set aside for discretionary activities for a total of $9,787 in monthly expenditures. *Id*. at 4. Nelson's reporting leaves some question as to his financial status considering his large checking account balance, his disability benefits, and the true nature of the "Random/Misc. Expenses" category of the form. Nelson could presumably pay the filing fee in this case from his checking account or his disability benefits. However, considering the challenges posed by unemployment, he could alternatively submit a monthly payment in proportion to his reported discretionary income and pay the filing fee over time. Because food, housing, and utilities are included in his expenses, the Court infers that Nelson's remaining funds are truly discretionary: available to him for entertainment, travel, or recreation.

Thus, the Court finds that $100—the amount Nelson keeps each month after providing for his necessities—is an appropriate monthly fee considering his current assets and monthly income. Nelson will be required to pay the $400 filing fee in $100 monthly installments. By also delaying the due date of the first payment, the Court can ensure this fee does not literally or figuratively take Nelson's "last dollar."

**B. Sufficiency of Complaint**

Nelson used an Administrative Office of the Courts civil cover sheet and Pro Se Complaint for a Civil Case to file his Complaint against UPR. Dkt. 2. Therein, Nelson relies on the Americans with Disabilities Act, the Age Discrimination in Employment Act,

and the retaliation provisions of 42 U.S.C. § 12203 and 29 U.S.C. § 623(d). *Id*. at 6. Nelson identifies himself as a disabled veteran formerly employed by UPR. *Id*. While employed with UPR, Nelson claims to have reported a safety concern regarding "kicking cars" under hazardous conditions. *Id.* Nelson claims UPR terminated him shortly after he raised his concerns. *Id.* During investigations prior to his termination, Nelson claims unnamed persons subjected him to comments regarding his age, disability, and health including some comments related to his ability to perform his job. *Id.* Nelson claims UPR also accused him of insubordination, immoral conduct, and an EEOC violation, but claims these reasons amounted to mere pretext. *Id.* at 6–7. Nelson seeks back and front pay, emotional damages, punitive damages, and any other relief this Court deems proper. *Id*. at 6.

Upon review, the Court finds Nelson's claims require greater detail to proceed. To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *Iqbal*, 556 U.S. at 677–78. Additionally, a plaintiff must state a "short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a). Here, Nelson's claims lack sufficient specificity or a concrete indication of what legal theory he relies upon to bring his claims against UPR. *See generally* Dkt. 2. The Court cannot allow this lawsuit to proceed until Nelson can allege specific facts against specific individuals concerning how UPR and its agents violated his rights.

That said, the Court finds that amending the Complaint to include facts supporting plausible violations of the laws at issue could remedy these deficiencies. As such, the Court will provide an opportunity for Nelson to amend the Complaint and include those facts,

should they exist. *See Jackson*, 353 F.3d at 758.

Any refiling by Nelson should include a short and plain statement and include facts demonstrating Nelson's entitlement to relief. If this is an employment discrimination and retaliation claim—which it appears it could be—Nelson must state the "who, what, where, when, why, and how" of each and any claim, including: (1) the name of the person or entity he claims to have caused his injury; (2) the facts showing that the defendant is a state or federal actor or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Nelson believes was unlawful; (5) the particular provisions of U.S. law he believes such conduct violates; (6) facts indicating the elements of the violation are met; (7) the injury or damages he personally suffered; and (8) the particular type of relief he is seeking from each defendant.

## V. CONCLUSION

Nelson sufficiently proved his indigency and the Court will allow him to pay the filing fee over time. Additionally, the Court finds that Nelson's Complaint is deficient and therefore DISMISSES the Complaint WITHOUT PREJUDICE. Nelson may amend his Complaint and refile if he so chooses.

## VI. ORDER

1. Nelson's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is GRANTED. Nelson need not prepay the fee *in full*; however, he must pay $100.00 per month to the Clerk of the Court, on or before the last day of each month, with the first payment due October 1, 2026, until the filing fee is paid in full. Failure, at

any time, to comply with this payment schedule will result in dismissal of this case without further notice.

2. Nelson's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE. The Court grants Nelson leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Nelson must file his Amended Complaint within thirty (30) days of the issuance of this Order.

3. Failure to submit a Second Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: September 15, 2026

David C. Nye
U.S. District Court Judge