UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DANIEL RICHARD ANDREW NELSON,

Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

Case No. 1:26-cv-00234-DCN

**SUCCESSIVE REVIEW ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Daniel Nelson's Amended Complaint. Dkt. 6. On September 15, 2026, the Court granted Nelson's Application for Leave to Proceed in Forma Pauperis but dismissed his original Complaint without prejudice, finding his allegations lacked sufficient specificity to state a plausible claim for relief. Dkt. 5; Dkt. 7.[1] The Court granted Nelson leave to amend and instructed him to provide additional facts supporting his claims.

Nelson has now filed an Amended Complaint. As explained below, the Court finds Nelson has sufficiently addressed the deficiencies identified in its prior Order. Accordingly, the Court will permit Nelson's claims to proceed.

[1] On October 15, 2026, the Court amended the Initial Review Order (Dkt. 5) to correct the spelling of Nelson's name. *See* Dkt. 7.

## II. BACKGROUND

Nelson brings this action against his former employer, Union Pacific Railroad Company ("UPR"), alleging discrimination and retaliation under the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA").

In his original Complaint, Nelson alleged that UPR terminated his employment after he raised concerns regarding unsafe working conditions. Dkt. 2. He further alleged that, during the investigation preceding his termination, UPR employees made discriminatory comments concerning his age, disability, and ability to perform his job. *Id*. Nelson asserted that UPR's stated reasons for terminating his employment were pretextual. *Id.*

The Court previously determined that these allegations lacked sufficient factual detail to establish a plausible basis for relief and dismissed the initial complaint without prejudice, but granted Nelson leave to amend. Dkt. 7. Specifically, the Court instructed Nelson to identify the individuals responsible for the alleged misconduct, the dates and circumstances surrounding the challenged conduct, the statutory provisions allegedly violated, and the resulting injuries. *Id.*

On October 14, 2026, Nelson filed his First Amended Complaint, which the Court will now review.

## III. LEGAL STANDARD

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any

portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs, whether represented or not, have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

The Court previously dismissed Nelson's Complaint because it failed to identify with sufficient particularity the conduct allegedly violating his rights. Dkt. 5. The Court directed Nelson to provide the "who, what, where, when, why, and how" of his claims. Upon reviewing the Amended Complaint, the Court finds that Nelson has sufficiently complied with those instructions.

First, Nelson now identifies the individuals allegedly responsible for the discriminatory conduct and describes the actions attributable to those individuals. He

further provides the relevant dates and circumstances surrounding the investigation and termination of his employment. These additional allegations provide the factual context missing from the original Complaint.

Second, Nelson supplies additional facts supporting his discrimination claims under the ADA and ADEA. Specifically, he alleges he began working for UPR on October 10, 2022, as a train conductor, a role he maintained until his termination on March 19, 2024. Dkt 6, at 3. Nelson claims he is a one hundred percent disabled veteran citing his VA disability rating, and this status subjected him to scrutiny following the medical qualification process. *Id.* Nelson alleges he was over the age of 40 at all relevant times during his employment and that this age subjected him to comments and conduct by his supervisor, Superintendent Daniel Crawford. *Id.* at 6. Specifically, Nelson points to a meeting on February 15, 2024, where Crawford made demeaning, age-related remarks including "[d]o you really want to do this anymore? It's a young man's game these days" and "I guess you're prof that you can't teach an old dog new tricks." *Id.* at 3. Nelson also claims that Crawford questioned his ability to perform the duties of his position due to his disability status making comments questioning whether Nelson could "hack it" and "cut it." *Id.* Nelson asserts at all times he was fully qualified for his position as a train conductor. *Id.* at 3. Nelson further alleges that shortly after these discriminatory comments were made, he was removed from service, subjected to disciplinary proceedings and ultimately fired, causing Nelson to suffer damages. *Id.* When accepted as true and construed in Nelson's favor, these allegations are sufficient at this preliminary stage to support plausible claims of employment discrimination.

Third, Nelson provides additional factual allegations supporting his retaliation claims. Nelson alleges that he engaged in protected activity by taking a medical leave of absence, which Crawford subsequently used against him, ultimately resulting in harassment, discipline, and termination. Dkt. 6, at 7. Nelson further alleges that UPR knew or should have known of his medical leave and disability status, as these matters were openly discussed during his hiring, training, and employment, as well as during a December 26, 2023 telephone call and a February 15, 2026 meeting. *Id.* Nelson maintains that, following his medical leave, he was medically cleared to return to work and fully capable of performing his job duties. *Id.* Nevertheless, Crawford allegedly continued to question Nelson's ability to perform those duties. *Id.* Nelson claims he was subsequently suspended and ultimately terminated. *Id.* Construing these allegations liberally and accepting them as true, the Court finds that Nelson has sufficiently alleged a plausible connection between his medical leave and the adverse employment actions to support an inference of retaliation under the ADA at this preliminary stage.

Finally, Nelson identifies the injuries he allegedly suffered and the relief he seeks, including lost wages and other monetary damages.

The Court finds that the Amended Complaint complies with the Court's request in the Initial Review Order and contains sufficient factual allegations to satisfy Rule 8(a) and survive initial review under 28 U.S.C. § 1915(e)(2). Accordingly, the Court will allow Nelson's Amended Complaint to proceed.

## V. CONCLUSION

Nelson has amended his Complaint to address the deficiencies identified in the

Court's prior Order. Construing the allegations liberally and accepting the well-pleaded facts as true, the Court finds that Nelson has alleged sufficient facts to state plausible claims for relief under the ADA and ADEA, including their respective retaliation provisions.

The Court will therefore permit the Amended Complaint to proceed and direct service upon UPR.

## VI. ORDER

Now, therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff Daniel Nelson's Amended Complaint (Dkt. 6) is deemed sufficient to proceed beyond initial review under 28 U.S.C. § 1915(e)(2).
2. Because Nelson has been granted leave to proceed in forma pauperis, service shall be accomplished pursuant to Federal Rule of Civil Procedure 4(c)(3). The Clerk of the Court shall provide Nelson with the necessary service documents. Upon completion and return of those documents, the United States Marshals Service shall effect service upon Defendant Union Pacific Railroad Company.

DATED: November 17, 2026

David C. Nye
U.S. District Court Judge